UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


KATHY LARIE,

             Plaintiff,                        Civil No. 09-867-HA

             v.                           OPINION AND ORDER

COMMISSIONER of Social Security,

             Defendant.

_____


HAGGERTY, District Judge:

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the

Act). Plaintiff requests judicial review of a decision by the Commissioner of the Social Security

Administration denying her application for disability insurance benefits (DIB) and Supplemental

Security Income (SSI) benefits. She seeks an order reversing the Commissioner's decision and

remanding this case for further proceedings or for an award of benefits. This court has

jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).


1  - OPINION AND ORDER

After reviewing the record of this case and evaluating counsel's arguments, this court concludes that this action must be remanded for additional administrative proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for DIB and SSI benefits in October, 2005, alleging disability since June 1, 1999. Tr. 133.[1] Plaintiff's applications were denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on June 2, 2008, and subsequently issued a decision on September 10, 2008 finding that plaintiff was not disabled. Tr. 9-28. The Appeals Council denied review, rendering the ALJ's conclusions the Commissioner's final decision for purposes of obtaining this judicial review.

## FACTUAL BACKGROUND

Plaintiff was forty-three years old on the alleged disability onset date, and fifty-two years old at the time of the ALJ's decision. She has at least a high school education, and her past relevant work experience includes work as a waitress, bartender, and a grocery checker. Tr. 59-60. She was insured for disability benefits through September 30, 2004. Relevant details about plaintiff's medical conditions and other facts are provided below.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

---

1       Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2   - OPINION AND ORDER

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least one of the claimant's impairments is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).

The Listings describe, for each of the major body systems, impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual

could do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability. *Tackett*, 180 F.3d at 1098.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097-98 (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039

4  - OPINION AND ORDER

(9th Cir. 1995) (citations omitted).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Orn v. Astrue*, 495 F.3d  625, 630 (9th Cir. 2007) (citations and quotations omitted).  This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).  A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record.  *Benton*, 331 F.3d at 1035.

## <u>SUMMARY OF THE ALJ'S FINDINGS</u>

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since June 1, 1999, the alleged onset date.  Tr. 17.  At step two, the ALJ found that plaintiff had the following severe impairments: left ankle arthritis,  history of hiatal hernia, history of sigmoid diverticulosis, and degenerative changes of the knees.  Tr. 17.

At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1.  Tr. 17.

The ALJ determined that plaintiff had the RFC to perform light work, except that she was limited to: sitting for two hours at a time for a total of eight hours per eight-hour workday; standing and/or walking for one hour at a time for a total of four hours per eight-hour workday; and work that did not require close proximity of the general public.  Tr. 19.

At step four, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 25.  Considering plaintiff's age, education, work experience, and RFC, the ALJ concluded that plaintiff could perform representative occupations that existed in significant numbers in the national economy, such as small products assembler, small products inspector, and small products cleaner/polisher.  Tr. 25-27.  Accordingly, the ALJ concluded that plaintiff was not eligible for DIB or SSI benefits.

## QUESTION PRESENTED

Primarily, plaintiff alleges that the ALJ erred in (1) improperly addressing the lay testimony of plaintiff's sister; (2) rejecting medical opinions; (3) discounting plaintiff's testimony, and (4) the step five analysis.

## DISCUSSION

### 1.    Lay testimony

In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented.  20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  Lay testimony as to a claimant's symptoms or as to how an impairment affects a person is considered competent evidence and cannot be disregarded without comment.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

6   - OPINION AND ORDER

To discount the testimony of a lay witness, an ALJ must give reasons that are germane to that witness. *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" (citations omitted)). When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

If lay testimony is controverted by the medical evidence presented, the ALJ does not err by ignoring that lay testimony. *Timmons v. Comm'r of Soc. Sec.*, 546 F. Supp. 2d 778, 795-96 (E. D. Cal. 2008) (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). However, if the lay testimony is consistent with the medical evidence, then the ALJ must consider it and comment upon it. *Id*. (citing *Stout*, 454 F.3d at 1053).

This court concludes that the ALJ's summary of the lay testimony was proper. He acknowledged that plaintiff's daughter testified that plaintiff can no longer socialize because she is "sick all of the time." Tr. 21. The ALJ acknowledged these allegations by including a restriction from working within close proximity to the general public in plaintiff's RFC. Tr. 19.

### 2.    Medical Opinions

Plaintiff also contends that the ALJ's reasons for rejecting the medical opinions of Drs. Greenleaf, Kern, and Allred were inadequate. Plaintiff argues that the ALJ ignored Dr. Greenleaf's opinion that plaintiff can walk for a total of two hours a day.

The court concludes that upon remand, the ALJ will have an opportunity to properly interpret Dr. Greenleaf's opinion that plaintiff could walk for a total of two hours per day, and stand for a total of four hours per day.  Tr. 282.  The ALJ's "hybrid" finding that plaintiff is limited to standing and/or walking for one hour at a time for a total of four hours per eight-hour work day should be amended to better address the specifics of each accepted medical opinion in the record.  Tr. 19.

Plaintiff also complains that reports from Drs. Kern and Allred that were submitted to the Appeals Council in support of plaintiff's request for review were improperly rejected.  The Council admitted the reports and then rejected them as unsupported by the medical evidence.  Because this case is remanded, further analysis of the proper weight attributable to the disability verification forms submitted to the Appeals Council is unnecessary.  Upon remand, plaintiff will have an opportunity to marshal and present her medical evidence more directly, and the Commissioner will be better able to address that evidence adequately.

### 3.    Plaintiff's testimony

The ALJ erred in finding plaintiff's testimony less than credible.  The ALJ concluded that plaintiff's testimony was unsupported by the objective medical evidence.  Tr. 22.  Moreover, the ALJ concluded that "there is no evidence the claimant has any visual disturbance that is not adequately corrected with lenses, treatment records do not reflect exacerbation of her bowel symptoms secondary to stress, and in contrast to her reports to the Social Security Administration, the claimant's treating sources have described her bowel symptoms as refractory to good management."  Tr. 22.  The ALJ noted that plaintiff's treating sources referred to

"discrepancies" in plaintiff's reports of disability, citing an expression of uncertainty by Dr. Kern

regarding plaintiff's disability following an initial intake interview in December 2004. Tr. 22.

The ALJ also cited plaintiff's request for documentation of disability for housing

assistance based on chronic fatigue syndrome, "which Dr. Kern noted was not reflected in the

claimant's treatment record." Tr. 22. The ALJ acknowledged plaintiff's "remote history of

cervical cancer treated without surgery," and commented that there is no indication of recurrence

or symptoms. Tr. 22.

An ALJ need not believe every allegation of disabling pain or functional limitation

advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). However, in

determining a claimant's credibility, the ALJ should consider "ordinary techniques of credibility

evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms,

and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th

Cir. 1996); *see also Light v. Commissioner*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ also

may consider a claimant's work record and observations of physicians and other third parties

regarding the nature, onset, duration, and frequency of symptoms. *Id*.

Under *Smolen* and its progeny, an ALJ cannot reject a claimant's testimony regarding

severe symptoms without setting forth specific findings that provide clear and convincing

reasons for doing so when there is evidence that the claimant has an underlying impairment and

there is no indication that the claimant is malingering. A two-step analysis applies at the

administrative level when considering a claimant's subjective credibility. *Smolen*, 80 F.3d at

1281.

First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom. *Id*. at 1281-82. Presumably, even "partial support" from the medical evidence is sufficient. In the absence of evidence of malingering, an ALJ can reject the claimant's testimony about the severity of symptoms "only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281. *See also* SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight"). Moreover, a claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F. R.§§ 404.1529(c)(2); 416. 929(c)(2).

Here, no substantive evidence of malingering was presented. Plaintiff's testimony is substantiated by the available medical record.

The ALJ's reliance upon the lack of evidence regarding "visual disturbance that is not correctable by lenses" is unpersuasive. Plaintiff never claimed otherwise, and her credibility should not be discounted on this basis. Moreover, the Commissioner concedes that the ALJ misconstrued the meaning of the term "refractory" in interpreting plaintiff's reports to the Social Security Administration as contradicting the medical evidence. This error was significant, as the primary basis for discrediting plaintiff appears to be that her reports to the Social Security Administration were "in contrast" to the claimant's treating sources. Tr. 22.

Finally, the characterization by the ALJ that treating sources noted "discrepancies" appears to be disingenuous. Expressing uncertainty following an initial intake interview is not tantamount to noting a discrepancy in plaintiff's presentation. In fact, Dr. Kern noted specific

possibilities regarding plaintiff's disability: "She has not been working, and I am not sure quite what her disability is. It may be either anxiety or irritable bowel." Tr. 188. More troubling is the ALJ's characterization of Dr. Kern's observations about plaintiff's chronic fatigue syndrome as noting a "discrepancy." Although the ALJ implied that plaintiff was asserting unsubstantiated limitations to qualify for housing assistance, the record plainly refutes that implication. Doctor Kern's comments about this issue belie the ALJ's assumptions:

> I was a little confused about [plaintiff's] disability, having just inherited her care this year from Dr. Timothy Cleary. Evidently she has chronic fatigue syndrome which had gotten inadvertently removed from the Problem List, so I could not look at that, but clearly this has been a big problem for quite a few years.

Tr. 179.

After fully considering the record, the court is compelled to conclude that the ALJ's reasons for discounting plaintiff's credibility fall short of being clear and convincing.

**4.      Step five analysis**

Plaintiff also argues that the ALJ erred in performing the step five analysis. The ALJ relied on testimony from a vocational expert (VE) to find that plaintiff could perform representative occupations that exist in significant numbers in the national economy. Tr. 27. These included "small products assembler," "small products inspector," and "small products cleaner/polisher." Tr. 27.

Plaintiff argues that the VE erred in identifying this work as unskilled and light because one of the codes for the small products cleaner/polisher identified the work as semi-skilled. Moreover, one of the codes for the inspector job apparently does not exist. Df.'s Br. at 20.

11 - OPINION AND ORDER

Nevertheless, the Commissioner argues that these errors are harmless because valid testimony was presented on a number of jobs in the regional economy and in the national economy that plaintiff can do.  These errors cannot be deemed harmless.

Compliance with "[t]he procedural requirements of SSR 00-4p ensure[s] that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the Dictionary of Occupational Titles."  *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).  This is significant because when making disability determinations, the Social Security Administration "relies primarily on the Dictionary of Occupational Titles" for the availability of work in the national economy.  *Id.* (footnote omitted).

When eliciting testimony from vocational experts to obtain occupational evidence, an ALJ "must first determine whether a conflict exists" between the VE and the Dictionary, and if a conflict exists, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles."  *Id.* at 1153-54 (footnotes omitted).

However, recent guidance from the Ninth Circuit clarifies that an ALJ must address a discrepancy in the expert opinion "*only where there is an apparent unresolved conflict* that arises between the vocational expert's testimony and the [Dictionary of Occupational Titles]."  *Mickelson-Wurm v. Commissioner*, No. 06-35550, 2008 WL 2795881 at *3 (9th Cir. July 21, 2008) (emphasis in original) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995)).

12 - OPINION AND ORDER

Here, the Commissioner acknowledges that conflicts existed between the expert testimony and the Dictionary, but contends that the failure to address those conflicts should be deemed harmless.  The ALJ did not properly ask the VE whether her testimony conflicted with the Dictionary of Occupational Titles and, if so, whether there was a reasonable explanation for the conflict.  This court cannot determine whether substantial evidence supports the ALJ's step-five finding that plaintiff could perform other work.

Although the Commissioner argues strenuously that the error presented is minor enough to be deemed harmless, this court concludes that the uncertainty surrounding the extent to which the ALJ may have relied upon inaccurate or erroneous expert testimony – coupled with the other errors addressed above – compel remand.

### 5.    Remand

All of plaintiff's arguments have been considered.  This court concludes that the concerns about the proper evaluation of medical opinions (those submitted to the ALJ and those submitted to the Appeals Council), the proper weight to be given to plaintiff's testimony, and the propriety of the ALJ's reliance upon expert testimony at step five can best be resolved in additional proceedings.

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g).  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007).  The issues presented here compel a remand under sentence four.

The decision whether to remand under sentence four for further proceedings or for the immediate payment of benefits is within the discretion of the court.  *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  "[A] remand for further proceedings is unnecessary if the record

13 - OPINION AND ORDER

is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan*, 246 F.3d at 1210.

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings that address each of the issues analyzed herein.


**CONCLUSION**

This court concludes that the decision of the Commissioner regarding Kathy Larie must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this   20   day of September, 2010.


      /s/ ANCER L. HAGGERTY   
      ANCER L. HAGGERTY
      United States District Judge